U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2014 NOV 13 PM 1:34

CLERK
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

|  |  |  |
|---|---|---|
| ABEND FAMILY LIMITED PARTNERSHIP, | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Case No. 5:13-cv-8 |
| NGM INSURANCE COMPANY, | ) ) ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**
(Doc. 30)

This is a dispute over a claim for flood insurance coverage under a National Flood Insurance Standard Insurance Policy ("SFIP") issued by Defendant National Grange Mutual Insurance Company ("NGM"). NGM has moved for summary judgment (Doc. 30) on the grounds that it has already paid the full amount of coverage available, and Plaintiff Abend Family Limited Partnership ("Abend") failed to submit the required proof of claim for the amount it now seeks and also waited too long to file suit. A hearing on the motion was held on October 29, 2014. Plaintiff appeared *pro se* through general partners Norman and Sydney Abend. Defendant appeared through local counsel John Paul Faignant, Esq. and William T. Treas, Esq., admitted *pro hac vice*.

## DISCUSSION

I.  **Procedural History and Factual Background.**

   A.  **Factual Background.**

The following facts drawn from the parties' pleadings and exhibits filed with the court are not in dispute. *See, e.g.*, Doc. 41 at 1 ("The Plaintiff does not dispute the chronology of events."). Abend owns a commercial building in Waitsfield, Vermont ("the building") that suffered flood damage on August 28, 2011 as a result of Hurricane Irene. Since 2007, Abend has purchased SFIP coverage on the building ("the policy") from NGM. NGM issued and administered the policy on behalf of the Federal Emergency Management Agency ("FEMA"), serving as a "Write Your Own" or "WYO" insurance program carrier, pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq.*, ("NFIA"). The SFIP issued to Abend is the General Property Form SFIP, the text of which is codified at 44 C.F.R. Pt. 61, app. A (pt. 2) (2011).

Following the notice of the loss, NGM assigned an independent adjuster—Sweet Claims Service—to adjust the claim. Abend also retained a public adjuster—James Harlor of Swerling Milton Winnick—to represent its interests. On October 5, 2011, NGM sent Abend an advance payment of $10,000. (Doc. 30-5.) On November 4, 2011, plaintiff executed a Proof of Loss statement ("Original Proof of Loss") on a FEMA form, prepared by the independent adjuster. (Docs. 30-6 and 34-5.)[1] The Original Proof of Loss lists $61,818.50 as the full cost of repair or

---

[1] Two different versions of the Original Proof of Loss appear in the record. The version submitted by NGM includes the handwritten notations, "Undisputed" at the top of the form and "is an undisputed amount of," next to the full cost of repair or replacement value. (Doc. 30-6 at 2.) The version of this document submitted by Abend does not include the handwritten notations. (Doc. 34-5 at 2.) Ultimately, these handwritten notations are not material for purposes of dispensing with the pending motion, and

replacement. Mr. Harlor forwarded the executed Original Proof of Loss to the independent adjuster on November 8, 2011. In his cover letter, Mr. Harlor stated in part:

> Enclosed is a copy of the signed Proof of Loss that you provided to the insured. As you are aware, the insured is not in agreement with the figures on the Proof of Loss and are only signing the Proof of Loss, so they can get paid the undisputed payment of $50,218.39. Please alert the insurer that the insured is not in agreement with your proposed settlement. On November 1, 2011, we sent you a list of the items which we were disputing.

(Doc. 34-5.) On November 30, 2011, NGM paid Abend $40,218.39. (Doc. 30-6 at 3.) This payment covered damages approved by the independent adjuster totaling $55,218.39, less the $10,000 advance payment, the $5,000 policy deductible, and depreciation. (Doc. 30-4 at 2.)

NGM issued a letter to Abend dated November 30, 2011, stating the following:

> The adjuster's final report indicates the insured building has a basement. We are denying all non-covered items located in the basement, pursuant to the Standard Flood Insurance Policy . . . [.]

(Doc. 30-4 at 2.) The letter quotes the provisions of the SFIP relating to building property coverage, which in general terms, excludes surfaces and limits coverage of damage in basement areas to heating and cooling equipment, other utilities, and structural damage. *See* 44 C.F.R. Pt. 61, app. A (pt. 2), Paragraph III(A)(8) (2011).

On December 30, 2011, Abend executed a second, supplemental Proof of Loss ("Supplemental Proof of Loss") on a FEMA form prepared by the independent adjuster. (Doc. 30-7.) The Supplemental Proof of Loss covered a supplemental payment of $25,648.09 after depreciation, which NGM paid on January 12, 2012. (Doc. 30-7 at 3.)

---

therefore the court need not determine which of these two documents constitutes the authentic Original Proof of Loss.

On January 31, 2012, Mr. Harlor wrote a letter to NGM stating that he and the independent adjuster were at an "impasse" concerning the status of the ground floor of the building. (Doc. 34-4.) Mr. Harlor argued that the ground floor could not be considered a basement because the entrance and retail space were at grade level. He attached photos to support Abend's position. He also questioned NGM's reliance on an "elevation certificate" dated May 10, 2006, which described a 2.4 – 5.2 foot difference between the ground floor and the exterior elevation. He argued that a minimum difference of 2.4 feet is impossible, since there are no steps at the ground floor entrance. He concluded by advising that Abend:

> [H]as exhausted $120,280.36 on repairs and still needs to perform more but for monetary reasons, they have deferred certain repairs for now. All expenses to date are enclosed. This policy of insurance has a limit of $125,000, which the insured will clearly exhaust. It is our position that the insured should be entitled to the entire limit of liability.

(Doc. 34-4 at 2.) On March 5, 2012, NGM wrote Abend a second letter denying portions of the claim, stating in part:

> The adjuster's final report indicates the insured building has a basement. We are denying all non-covered items located in the basement, including the radiant baseboard heaters, condensate piping and antifreeze, pursuant to the Standard Flood Insurance Policy . . . [.]

(Doc. 34-8 at 1.) Like the previous denial letter, the March 5, 2012 letter advised Abend that it could appeal the denial directly to FEMA "within 60 days of the date of this denial letter." *Id.* at 3. Through Mr. Harlor, Abend filed an appeal with FEMA on April 12, 2012. (Doc. 30-10.) On August 14, 2012, NGM forwarded a copy of its claim file to FEMA for review. (Doc. 30-11). FEMA denied Abend's appeal by letter dated October 15, 2012 from the Director of Claims for the National Flood Insurance Program. (Doc. 30-12.)

B. **Procedural History.**

On December 14, 2012, Abend filed a small claims complaint in the Chittenden Civil Division seeking the jurisdictional limit of $5,000. The complaint read:

> Flood damage from Irene was $135,000. Insurance was for $125,000. Company paid only $75,000. After 5 years of classifying building "no basement," [NGM] reclassified building as having a basement and denied full coverage. Grade of land outside of building is even with floor of damaged area.

(Doc. 5.) NGM removed the case to this court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 1.) On March 13, 2013, the court granted Abend's Motion for Leave to File Amended Complaint, increasing the total damages sought by Abend to $50,000. (*See* Docs. 10 and 16.)

NGM moves for summary judgment on three separate grounds: (1) coverage for the ground floor portion of the building is governed by a policy provision limiting the types of losses to be paid for damage to basements; (2) Abend's claim is barred because plaintiff failed to submit a sworn proof of loss for the disputed damage; and (3) Abend's claim is barred because it failed to file suit within one year of the written denial of coverage on November 30, 2011. (Doc. 30 at 2.) Abend opposes the motion, arguing that while it does not dispute the chronology of events alleged by NGM, the building is not below grade on all four sides, and therefore does not qualify as a basement. (Doc. 34 at 2.) Abend further argues that the supplemental documentation it submitted to the insurer constitutes its proof of loss for the claim, and it need not utilize the form generated by FEMA. (Doc. 36 at 3.) Finally, Abend argues that it is entitled to equitable tolling of the one-year limitations period for bringing suit for the duration of time FEMA took to consider Abend's appeal. (Doc. 34 at 4.)

## II. Conclusions and Analysis of Law.

### A. Standard of Review.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To determine whether there is a genuine issue of material fact, the Court must "interpret all ambiguities and draw all factual inferences in favor of the nonmoving party." *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006). The burden of demonstrating the absence of a genuine issue of material fact rests upon the party seeking summary judgment. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once a properly supported motion for summary judgment has been made, the burden shifts to the nonmoving party to set out specific facts showing a genuine issue for trial. *See* Fed. R. Civ. P. 56(2). The rules require that a nonmoving party set forth specific facts in the affidavits, depositions, answers to interrogatories, or admissions, showing that a genuine issue exists for trial. *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996) (citing *Celotex*, 477 U.S. at 324).

We note that although Mr. Abend has not fully complied with Local Rule 56(b) by providing "a separate, concise statement of disputed material facts" to oppose certain material facts alleged by NGM, Abend's submissions to the court are sufficiently detailed to make it plain that the parties disagree sharply over the facts concerning the basement. *See* Local Rule 56(b); *see also Tracy v. Freshwater*, 623, F.3d 90, 101 (2d Cir. 2010) ("It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants."). NGM does not

seek to take advantage of any shortcomings in Abend's *pro se* response to summary judgment, and the court will not do so either. *See also Jackson v. Fed. Express*, __ F.3d __, 2014 WL 4412333, at *5 (2d Cir. Sept. 9, 2014) (observing that even where partial response made, "an examination of the legal validity of an entry of summary judgment should [be] made in light of the opposing party's *pro se* status.").

### B. Denial of Coverage.

The court first considers NGM's contention that its partial denial of coverage with respect to the damage to the ground floor space can be decided on summary judgment. It is obvious that the parties' dispute about whether the ground floor of the insured building is a "basement" for purposes of the coverage limitation raises significant questions of fact. These factual issues include the exact differences in grade between the exterior and the interior of the building on each of its sides, the basis for NGM's determination in previous policy years that the building was constructed on a slab at grade, and the presence (or not) of any steps leading from the exterior into the ground floor space. All of these factual issues were the subject of dispute between the two adjusters and cannot be resolved on the basis of the affidavits and exhibits submitted by the parties.

### C. Sworn Proof of Loss Requirement.

Next, the court turns to the issue of whether Abend failed to comply with a policy requirement by not submitting a signed and sworn proof of loss with respect to the disputed portions of its claim. Under the policy promulgated by FEMA, an insured "may not sue [the insurer] to recover money under this policy unless [the insured has] complied with all of the

requirements of the policy." 44 C.F.R. Pt. 61, app. A (pt. 2), Paragraph VII (R) (2011). The policy's proof of loss requirement states as follows:

> J. Requirements in Case of Loss.
> In case of a flood loss to insured property, [the insured] must:
>
> . . .
>
> 4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>    a. The date and time of loss;
>    b. A brief explanation of how the loss happened;
>    c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>    d. Details of any other insurance that may cover the loss;
>    e. Changes in title or occupancy of the covered property during the term of the policy;
>    f. Specifications of damaged buildings and detailed repair estimates;
>    g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
>    h. Details about who occupied any insured building at the time of loss and for what purpose;
>    i. The inventory of damaged personal property described in J.3 above.

44 C.F.R. Pt. 61, app. A (pt. 2), Paragraph VII (J) (2011).

Abend does not dispute that neither the Original Proof of Loss nor the Supplemental Proof of Loss included amounts arising from damage to the ground floor area for which NGM partially denied coverage, nor does Abend dispute that it did not submit a signed and sworn proof of loss form for the additional funds.[2] Instead, Abend argues that "supplemental proofs of loss in the form of paid bills and the amount and type of work involved were submitted as the

---

[2] The parties also do not dispute that FEMA issued two limited waivers of the proof of loss requirement, which extended the deadline for submitting a proof of loss to January 23, 2012 for insureds impacted by Hurricane Irene in the state of Vermont. *See* Doc. 30-9.

damage from the flood became apparent." (Doc. 38 at 2.); *see also* November 8, 2011 Letter to Sweet Claims (Doc. 34-5); January 31, 2012 Letter to NGM (Doc. 34-4). Abend argues that the use of the FEMA proof of loss form is not required by the policy, and therefore, the failure to submit the form does not bar its claim.

As the administrator of Abend's SFIP claim, NGM acts as a fiscal agent of the United States and must adhere to SFIP requirements. *See* 42 U.S.C. § 4071 (a)(1). Unlike private insurance contracts, SFIP requirements must be strictly construed and enforced in all instances. *Jacobson v. Metro. Prop. & Cas. Ins. Co.*, 672 F.3d 171, 175 (2d Cir. 2012) (collecting cases); *see also Mancini v. Redland Ins. Co.*, 248 F.3d 729, 734 (8th Cir. 2001) (requiring strict construction of signed and sworn proof of loss requirement); *Gowland v. Aetna*, 143 F.3d 951 (5th Cir. 1998) (observing that strict construction of SFIP required even where the "result may seem harsh."); *Diamond v. Fed. Emergency Mgmt. Agency*, 689 F. Supp. 163, 169 (E.D.N.Y. 1988) (strictly construing proof of loss requirement and dismissing). In *Jacobson*, the Second Circuit held that an insured who submitted a proof of loss without a liquidated statement of the amount claimed was barred from suing for insurance proceeds. *Id*. The Second Circuit adopted the reasoning of its sister circuit courts, concluding that "[p]rotection of the public fisc requires that those who seek public funds act with scrupulous regard for the requirements of the law . . . ." *Id*. (quoting *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 63 (1984) (quotation marks omitted). This policy promotes uniformity and protects the public treasury. *Id*. at 175-76.

A year later in *DeCosta v. Allstate Ins. Co.*, 730 F.3d 76 (1st Cir. 2013), the First Circuit reached the same conclusion in a case virtually identical to the present case. In *DeCosta*, the

insured submitted proofs of loss for the undisputed portion of his flood insurance claim along with a separate, unsigned, and unsworn estimate from an independent adjuster for the disputed portion of the claim. *Id.* at 82. Like the Second Circuit in *Jacobson*, the First Circuit held that the expenditure of federal money to pay flood claims requires strict compliance with the proof of loss requirement, even where an insurer paying claims out of company funds might be required to honor the claim. *Id.* at 83. Strict compliance with the policy requires the submission of a signed and sworn proof of loss statement for all funds sought by the insured, not just the undisputed funds. *Id.* The First Circuit cited the constitutional concerns that would arise if the courts ordered claims to be paid from government coffers that were not authorized by statute. *Id.* at 83-84 (citing U.S. Const. art. 1 § 9, cl. 7 and U.S. Const. amend. XI); *see also Heckler*, 47 U.S. at 63 (holding claims against Government strictly construed where award of damages requires payment from the United States Treasury).

Much like the plaintiff in *DeCosta*, Abend submitted signed and sworn proof of loss forms only with respect to the undisputed amounts and did not fulfill this requirement with respect to the additional amount it now seeks from this court. Partial or even substantial compliance with the proof-of-loss requirement is not sufficient. *See, e.g., Destefanis v. Fugate*, No. CV 12-4730, 2013 WL 6796425, slip op. at *4 (E.D.N.Y. Dec. 19, 2013) (granting Defendant's motion for judgment on the pleadings where insured failed to file separate proof of loss for amounts claimed in suit); *Kehoe v. Travelers Ins. Co.*, No. 1:08-CV-566 (GLS/DRH), 2009 WL 87589, slip op. at *2 (N.D.N.Y. Jan. 12, 2009) (granting summary judgment where insured submitted documentation but did not submit separate signed and sworn proof of loss forms totaling damages); *Evanoff v. Standard Fire Ins. Co.*, 534 F.3d 516, 521 (6th Cir. 2008)

(holding that unsworn letter to insured signed by insured does not satisfy proof of loss requirement); *Mancini*, 248 F.3d at 734 (holding that third party statement of total damages sought, where not signed and sworn by the insured, does not satisfy proof of loss requirement). Mr. Harlor's January 31, 2012 letter and other correspondence with Sweet Claims Service and with NGM documenting the disputed repairs and summarizing the basement damage cannot satisfy the requirement because Abend did not sign or swear to the correspondence, nor did Abend provide all of the other information required by Paragraph VII (J). Accordingly, NGM is entitled to summary judgment because Abend failed to comply with the proof-of-loss policy requirement, and NGM's Motion for Summary Judgment is GRANTED.

### D.     One-Year Limitations Period.

Even assuming that Abend had complied with the proof of loss requirement, NGM is also entitled to summary judgment on the ground that Abend failed to file suit within the limitations period. The NFIA statute authorizes a one-year period within which the insured must bring suit in the United States District Court seeking payment for disallowed or partially disallowed claims. 42 U.S.C. § 4072.[3] The statutory requirement is further codified in the SFIP promulgated by FEMA:

> If you do sue, you must start the suit within one year of the date of the written denial of all or part of the claim, and you must file suit in the United States District Court of the district in which the insured property was located at the time of loss.

---

[3] The statute more specifically provides that, "the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the [FEMA] Director, may institute an action against the Director [or its insurance company agents] on such claim in the United States district court for the district in which the insured property or a major part of thereof shall have been situated . . . ." 42 U.S.C. § 4072.

44 C.F.R. Pt. 61, app. A (pt. 2), Paragraph VII (R) (2011). This requirement equally applies to suits against WYO carriers such as NGM. *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 187 (2d Cir. 2006). WYO carriers cannot waive, alter, or amend this requirement. *See* 44 C.F.R. § 61.13(d) (1993)[4]; 44 C.F.R. Pt. 61, app. A (pt. 2), Paragraph VII (D) (2011).[5] Abend does not dispute that its claim was partially denied on November 30, 2011 (*see* Doc. 31-2), and that it did not file suit until over a year later on December 14, 2012 (*see* Doc. 41-1). Instead, Abend argues that equitable tolling should apply to the six-month period during which FEMA considered Abend's appeal of the partially denied claim.

After a WYO company issues a final claim determination denying in whole or in part the insured's claim, the insured has a right to appeal any action taken by the insurer, FEMA employee, FEMA contractor, insurance adjuster, or insurance agent. *See* 44 C.F.R. § 62.20(b) (2009). The administrative appeal process provides the insured with an alternative to filing suit.[6] The regulations expressly state that, "[t]he one-year period to file suit commences with the written denial from the insurer and is not extended by the appeals process." 44 C.F.R. § 62.20(f)(4) (2009); *see also* 44 C.F.R. § 62.20(c) ("Filing an appeal does not waive any of the requirements for perfecting a claim under the SFIP or extend any of the time limitations set forth

---

[4] The regulations provide that, "[the SFIP] . . . must be used in the Flood Insurance Program, and no provision of said documents shall be altered, varied, or waived other than by express written consent of the Federal Insurance Administrator . . . ." 44 C.F.R. § 61.13(d).

[5] "This policy cannot be changed nor can any of its provisions be waived without the express written consent of the Federal Insurance Administrator." 44 C.F.R. Pt. 61, app. A (pt. 2), Paragraph VII (D) (2011).

[6] Abend cites the portion of the regulation recited in NGM's denial letters as implying it was required to exhaust this administrative remedy prior to filing suit: "An insured who files suit against an insurer on the flood insurance claim issue is prohibited from filing an appeal under this section." *See* 44 C.F.R. § 62.20(d) (2009). However, this provision merely guards against inconsistent results that could arise if the two parallel proceedings remained ongoing at the same time.

12

in the SFIP."). Although a significant amount of time passed while Abend awaited the outcome of the administrative appeal, the existence of the appeal itself does not provide any basis for tolling the one-year limitations period. Because the parties do not dispute that more than one year elapsed prior to Abend filing suit against NGM, Abend's failure to satisfy this requirement provides an alternate independent basis for summary judgment.

### E.  Leave to Amend.

The Second Circuit has held that district courts should not dismiss the claim of a self-represented party without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002); *see also* Fed. R. Civ. P. 15(a)(2) ("[T]he court should freely give leave [to amend] when justice so requires"). However, leave to amend the complaint is not required where an amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."). The court finds granting leave to amend would be futile in this case because no reformulation of the facts at issue would alter the existence of several grounds for dismissal based upon already undisputed facts.

## CONCLUSION

For the reasons set forth above, NGM's Motion for Summary Judgment (Doc. 30) is GRANTED, and all claims against NGM are DISMISSED WITH PREJUDICE.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 13 day of November, 2014.

_____
Geoffrey W. Crawford, Judge
United States District Court